**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**BRAYAN FERNANDO MONTOYA-ALFARO,**

**Petitioner,**

**v.** **CIVIL No. 2:26-cv-206**

**JEFF CRAWFORD,**
**Warden, Farmville Detention Center,**

**and**

**MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,**[1]

**Respondent.**

**FINAL ORDER**

Petitioner Brayan Fernando Montoya-Alfaro ("Petitioner"), a detainee of United States Immigration and Customs Enforcement, submitted a pro se Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 on April 2, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 7. Petitioner alleges that he has been unlawfully detained without a bond hearing. Id. at 2. On June 1, 2026, counsel for Petitioner, Jacob Roffe, filed a Notice of Appearance. ECF No. 15. Since then, Petitioner has proceeded with counsel.

---

[1] The Court **ORDERS** that Markwayne Mullin, Secretary of the Department of Homeland Security, be added as a Respondent as the legal issues in this case implicate the Secretary as the real party in interest.

I.

This case has a long and protracted history. Petitioner is a 28-year-old native and citizen of El Salvador. ECF No. 9-1, at 3. On October 16, 2017, a customs and border protection agent encountered Petitioner in the Rio Grande Valley and began processing him for expedited removal under 8 U.S.C. § 1225(b)(1)(A). Id.

On November 13, 2017, an asylum officer determined Petitioner expressed a credible fear of persecution in his home country, issued him a Notice to Appear, and placed him into removal proceedings. Id. at 7. On December 4, 2017, the Department of Homeland Security ("DHS") issued Petitioner a $1,500 bond "pending a final administrative determination." ECF No. 12-3. Petitioner was released on bond on December 8, 2017. ECF No. 9-1 at 4.

Four years later, Petitioner failed to appear for a master calendar hearing on September 14, 2021. Id. at 3. He appeared on July 20, 2023, whereupon the Immigration Court continued the proceedings so Petitioner could obtain counsel. Id. He failed to appear once more on October 2, 2024, and the Immigration Court ordered him removed to El Salvador. ECF No. 12-4. "Despite the written notification provided, [Petitioner] failed to appear at the hearing, and no exceptional circumstances were shown for the failure

to appear." Id. As such, the Immigration Judge found that Petitioner had abandoned his applications for relief from removal. Id.

On January 13, 2025, an Immigration Judge granted Petitioner's Motion to Reopen for "good cause" shown and required Petitioner to file "any and all applications for relief" by February 12, 2025. ECF No. 12-5. On January 16, 2025, the Immigration Judge set a pre-hearing conference for April 25, 2025. Id. Neither Petitioner nor Respondents assert whether Petitioner appeared.

"On October 23, 2025, Petitioner was encountered by ICE officers, who after establishing his identity and immigration history, placed him in civil immigration custody." ECF No. 9-1 at 3-4. That same day, DHS issued a notice of Petitioner's bond cancellation. ECF No. 9-2. On January 14, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination because Petitioner "is subject to mandatory detention . . . and the Court lacks jurisdiction to issue a bond." ECF No. 7-2.

On February 11, 2026, Petitioner's application for relief from removal was denied and he was ordered removed to El Salvador. ECF No. 9-1 at 5. He filed an appeal of the decision to the Board of Immigration Appeals ("BIA"), which remains pending. Id.; ECF No. 12-6.

On March 3, 2026, Petitioner submitted an Emergency Petition for Writ of Habeas Corpus, ECF No. 1, and upon amending a pleading deficiency, he submitted an Amended Petition on April 2, 2026, ECF No. 7. Petitioner seeks a constitutionally adequate bond hearing, which he has not yet received. Id. at 2-3. Federal Respondents opposed the Petition on April 10, 2026, asserting that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225. ECF No. 9. Petitioner did not reply.

The Petition was referred to a United States Magistrate Judge for Report and Recommendations (R&R) pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. ECF No. 11. The Magistrate Judge's R&R, filed on August 18, 2026, recommends that the Petition, ECF No. 7, be granted, and Respondents release Petitioner on the bond conditions previously imposed on December 8, 2017. ECF No. 16. On August 31, 2026, Respondents filed two (2) objections to the Report and Recommendation, asserting that: (1) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1); and, otherwise, (2) Petitioner is entitled to a bond hearing, not immediate release. ECF No. 17 at 3-4. Petitioner did not respond to Respondents' Objections or the R&R. The matter is now ripe for review.

## II.

At issue is whether Petitioner is in the class of individuals who are entitled to a bond hearing under 8 U.S.C. § 1226(a), while his appeal before the BIA is pending, or if he is instead an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b).

Under § 1225(a), a noncitizen "who has not been admitted or who arrives in the United States" is classified as an "applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission are subject to mandatory detention. See 8 U.S.C. § 1225(b). Alternatively, § 1226(a) sets forth the "default rule" for detaining and removing "aliens already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), under which the Attorney General may issue a warrant for the arrest and detention of a noncitizen. 8 U.S.C. § 1226(a)(1)-(2). Noncitizens detained under § 1226(a) are eligible to be released on bond or conditional parole. Id. Respondents do not dispute that noncitizens detained under § 1226(a) are eligible for a bond hearing, see ECF No. 9 at 5, but they dispute that Petitioner is detained under § 1226(a), id. at 10.

A noncitizen's right to a bond hearing while in civil immigration custody is the subject of a circuit split, with nine

(9) circuits, including our own, concluding "that Section 1226 applies to noncitizens inside our country, like the Petitioner[], and that they must thus be provided a bond hearing." See Lopez Garcia v. Guadian, No. 25-7044, 2026 WL 2661092, at *5 (4th Cir. Sept. 10, 2026). The Fifth and Eighth Circuits, however, have held that Section 1225 permits mandatory detention-without a bond hearing-of all noncitizens. See Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).

In Lopez Garcia, the Fourth Circuit evaluated two (2) district court grants of habeas relief of noncitizens who had lived and worked in the United States for at least two decades. See 2026 WL 2661092, at *1-2. The noncitizens had been arrested by DHS in October, 2025, and were held without a bond hearing while removal proceedings were initiated against them. Id. at *2. The Fourth Circuit, acknowledging the split between its sister circuits, used "the canons of statutory interpretation" to conclude that Section 1225 was not meant to "bear the weight of the millions" and is inapplicable to those who "have been present in the United States for years regardless of how they entered our country." Id. at *6 (quoting Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026)). The court held that once noncitizens are already present in

the United States, they are no longer "seeking admission, but other forms of lawful relief, and fall properly within Section 1226(a)." Id. at *14.

Petitioner has been living in the United States since his entry in 2017 and had been released on bond for almost seven (7) years before his arrest in October 23, 2025. ECF No. 9-1 at 3. Like petitioners in Lopez Garcia, Petitioner had "been present in the United States for years" before his arrest and bond cancellation. 2026 WL 2661092, at *6. Petitioner is not seeking admission to the United States; he is instead attempting to remain in the country through an application for asylum. ECF No. 7. Therefore, he is part of the class of "[n]oncitizens apprehended and detained in the United States" governed by Section 1226(a) and is entitled to a bond hearing. Lopez Garcia, 2026 WL 2661092, at *16.

**III.**

Having concluded that Petitioner is detained pursuant to Section 1226(a), the court now considers whether Petitioner is eligible for release under the conditions of the December 2017 bond, as the R&R recommends, or if a new bond determination should be made by "the Immigration Court having jurisdiction over the place of detention" in Farmville, Virginia. 8 C.F.R. § 1003.19. Respondents allege that "the only appropriate remedy for the sort

of violation Petitioner alleges would be a bond hearing before an [Immigration Judge]." ECF No. 17 at 4. Petitioner also requests "a constitutionally adequate bond hearing." ECF No. 7 at 2.

At this stage, Petitioner's case diverges from Lopez Garcia. There, petitioners had never been issued a bond from DHS and, as a result, had never failed to appear. See Lopez Garcia, 2026 WL 2661029, at *1. Here, Petitioner failed to appear at two (2) hearings before he was taken into civil immigration custody. ECF No. 9-1 at 4. The failures to appear leave Petitioner's case in a different procedural posture than when the December 2017 bond was issued. See 8 C.F.R. § 1003.19(e). Moreover, he appeared before an Immigration Judge, and on February 11, 2026, an Order of Removal was issued, to which he has appealed to the BIA. ECF No. 9-1 at 5. Petitioner is now entitled to a bond hearing pending appeal before an Immigration Judge. See 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19.

Specifically, the BIA, which has jurisdiction over bond amounts set by an Immigration Judge, "has held that in determining the necessity for and the amount of bond, among the factors to be taken into consideration are: stable employment history, length of residence in the community, existence of family ties, a record of nonappearance at court proceedings, and previous criminal or immigration law violations." See Matter of Sugay, 17 I. & N. Dec.

637, 640 (B.I.A. 1981) (emphasis added). The December 2017 bond does not account for Petitioner's failure to appear, so to release him under those same conditions without an Immigration Judge's contemplation of Petitioner's history of nonappearance does not comport with this instruction. See id. Furthermore, Petitioner's request was for a bond hearing, not immediate release, ECF No. 7, and he is now in the procedural posture of requesting bond pending appeal.

## III.

Having reviewed the record, examined Respondents' Objections to the R&R, and made de novo findings with the portions objected to, the court finds that Petitioner is entitled to a bond hearing because he is detained under 8 U.S.C. § 1226(a), but Petitioner is not entitled to immediate release. Accordingly, the Magistrate Judge's R&R, ECF No. 16, is **ADOPTED in part**, and **REJECTED in part**. The court adopts the R&R in so far as it finds Petitioner is entitled to a bond hearing under § 1226(a), but respectfully rejects the R&R's recommendation for Petitioner's immediate release on the conditions of the December 2017 bond.

The court therefore **OVERRULES** Respondents' first objection to the applicability of § 1225(b), but **GRANTS** the second objection to Petitioner's immediate release. Petitioner's request to receive "a

constitutionally adequate bond hearing," ECF No. 7, is **GRANTED**.

It is hereby **ORDERED** that Respondents are to provide Petitioner with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of entry of this final order. Respondents **SHALL** file a status report on Petitioner's bond hearing within seven (7) days of the bond hearing.[2] Upon completion of Petitioner's bond hearing, the non-removal order entered by this court on April 3, 2026, ECF No. 8, is **VACATED**.

The parties are **ADVISED** that appeal from the judgment entered pursuant to this Final Order may be filed by a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of entry of such judgment.

The Clerk is **DIRECTED** to forward a copy of this Final Order to all counsel of record.

It is so **ORDERED**.

/s/
Rebecca Beach Smith
Senior United States District Judge

Rebecca Beach Smith
Senior United States District Judge

Norfolk, Virginia
October 19, 2026

[2] The status report should detail when the bond hearing occurred, if the bond was granted or denied, and the reasons for such action.